**In re DAVIS TRANSPORT & RENTALS, INC., Bankrupt.**

**Virginia Hicklin TAYLOR, Appellant,**

v.

**J. C. VAN VOORHIS, Trustee, Appellee.**

**No. 78–1936**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1978.

McCarthy Crenshaw, Jr., Jacksonville, Fla., for appellant.

Victor E. Raymos, Jacksonville, Fla., for appellee.

Before CLARK, GEE and FAY, Circuit Judges.

PER CURIAM:

The sole issue in dispute in this bankruptcy case is the correct date of bankruptcy. Virginia Hicklin Taylor, the appellant, was the landlord of the Davis Transport & Rentals Company ("Davis"), the bankrupt. On November 8, 1973, Davis filed a petition for reorganization under Chapter X of the Federal Bankruptcy Act, 11 U.S.C. § 501 *et seq.* As of November 8, Davis was indebted to

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir., 1970, 431 F.2d 409.

Taylor for three months' back rent dating back to August 1, 1973. On December 28, 1973, in a hearing before the district court in the Chapter X proceeding, Davis orally moved to dismiss the Chapter X proceeding and several secured creditors joined in the motion. The district court continued the hearing until January 3, 1974, "in order to give the unsecured creditors, some of whom were represented at the December 28 hearing, an opportunity to file an involuntary petition against the debtor, either under Chapter X or under straight bankruptcy." In its January 3 order, the court lifted its general stay of legal proceedings against Davis, but specifically provided that the landlord Taylor could not evict Davis until the case was dismissed or until further order of the court. The court then directed that the petition under Chapter X would be dismissed effective February 1, 1974. On the day of the Chapter X order, January 3, an involuntary petition in bankruptcy was filed under a separate docket number in the same district court by Davis' unsecured creditors.

Citing the steady deterioration of its business, Davis consented to an adjudication of bankruptcy in the Chapter X proceeding on January 22, 1974. By order dated February 6, 1974, Taylor was awarded three months' "administrative rent" as part of the administrative costs incurred by the trustee in the Chapter X proceeding. The rent covered the three-month period from November 8, 1973, to January 31, 1974, the period during which the Chapter X proceeding was active. Meanwhile, in the straight bankruptcy proceeding that had been initiated on January 3, the bankruptcy judge entered an adjudication of bankruptcy, dated February 11, 1974.

Section 64 a(5) of the Bankruptcy Act, 11 U.S.C. § 104 a(5), grants to a landlord a priority claim for rent due and accrued "within three months of the date of bankruptcy." The bankruptcy judge in the straight bankruptcy proceeding determined the date of bankruptcy as February 11, 1974, the date of the adjudication of bankruptcy. The effect of the bankruptcy judge's determination was that Taylor re-ceived nothing under the straight bankruptcy proceeding, since Taylor had already been paid rent for the three months prior to February of 1974 as administrative rent in the Chapter X proceeding.

The Bankruptcy Act defines the "date of bankruptcy," however, as "the date when the petition was filed." 11 U.S.C. § 1(13). Accordingly, the district court reversed the bankruptcy judge and moved the date of bankruptcy back to January 3, 1974, the date on which the straight bankruptcy petition was filed. The effect of the district court's action was to provide Taylor with approximately one additional month's rent, since the three months prior to January 3 embraced the month of October, which had not been previously covered by the Chapter X administrative rent. Taylor now urges that the date of bankruptcy be moved back two more months, to November 8, 1973, the date on which the Chapter X petition was filed. If Taylor's proposed date of bankruptcy were accepted, she would recover all three months' worth of her priority claim for rent, since rent was owing to her from August 1 to November 1, 1973.

The date of bankruptcy is "the date when the petition was filed." 11 U.S.C. § 1(13). "Petition" is defined in the Act as "a document filed in a Court of Bankruptcy or with a Clerk thereof initiating a proceeding under this Act." 11 U.S.C. § 1(24). 1 Collier on Bankruptcy ¶ 1.24 (14th ed.) states that the definition of "petition":

> means whichever petition first invokes the benefits of the Act, whether a voluntary or involuntary petition in ordinary bankruptcy proceedings or the original petition under a debtor relief chapter.

Bankruptcy Rule 122 provides in part that:

> When an Order is entered in a Chapter X, XI, XII, XIII directing that the case continue as a bankruptcy case, the procedure shall be as follows:
>
> (1) In all respects . . . the case shall be deemed to have been commenced as of the date of the filing of the first petition initiating a case under this title and shall be conducted as far

as possible as if no petition commencing a chapter had been filed.

11 U.S.C.A., Rules of Bankruptcy Procedure, Rule 122.

If the Chapter X case had been converted into a straight bankruptcy case, there is no doubt that under the applicable definitions of the Act and Rule 122, the date of bankruptcy would be November 8, 1973, the date on which the original petition was filed. The district court's order of January 3, 1973, however, did not convert the Chapter X case into a straight bankruptcy case. The Chapter X case continued under Chapter X until February 6, and Taylor received the benefits of administrative rent as part of the resolution of the Chapter X case. The straight bankruptcy petition filed on January 3, 1973, was a separate case docketed with its own docket number and running to its own independent conclusion. It is clear from the plain language of Rule 122 that it applies only when an order of the court directs that a Chapter X proceeding be converted to a straight bankruptcy. The Advisory Committee's Notes speak of a "supersession" of the chapter case. Collier on Bankruptcy states that Rule 122 applies "following suppression of a case commenced under Chapter X," 12 Collier on Bankruptcy ¶ 122.01 (14th ed.), and explicitly notes that "Rule 122 only comes into operation in a situation where there is a chapter proceeding and an order is entered directing that the case continue as a [straight] bankruptcy case." *Id.* ¶ 122.02. No conversion order was ever entered in the Chapter X case below. The district court was therefore correct in holding that the date of bankruptcy for the straight bankruptcy case was January 3, 1974.

AFFIRMED.